# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JERMEL POPE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 11 C 7227

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jermel Pope's Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons stated herein, the Petition is denied without an evidentiary hearing.

## I. BACKGROUND

On April 22, 2008, Petitioner Jermel Pope (hereinafter, "Pope" or "Petitioner") was indicted for knowingly transporting a minor from Wisconsin to Illinois with the intent that she engage in prostitution, in violation of 18 U.S.C. § 2421. On February 18, 2009, Pope pled guilty. At his sentencing hearing, this Court sentenced Pope to a term of 100 months' imprisonment, followed by three years' supervised release.

Pope appealed to the Seventh Circuit arguing "that his sentence was procedurally unsound because the district court did not conduct a meaningful analysis of his request for a 46-month

sentence" and because the district court "failed to explain why it chose a 100-month sentence instead." *United States v. Pope*, 370 Fed.Appx. 735, 737 (7th Cir. 2010). The Seventh Circuit rejected that argument, affirming Pope's sentence and determining that this Court adequately analyzed the § 3553(a) factors, and sufficiently explained its reasoning for imposing the 100-month sentence. *Id.*

After his unsuccessful appeal, Pope petitioned for a Writ of Certiorari to the United States Supreme Court. On October 18, 2010, the Supreme Court denied Pope's writ. *See Pope v. United States*, 131 S.Ct. 429, 430 (2010).

On October 12, 2011, Pope filed the instant *habeas* petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255").

## II. <u>LEGAL STANDARD</u>

Under Section 2255 a prisoner may petition the court which imposed his sentence to vacate, set aside, or correct the sentence on the basis that the sentence imposed is in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). To receive relief under Section 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Alternatively, if a prisoner can show the trial court made "an omission inconsistent with the rudimentary demands of fair procedure" relief can also be provided. *Hill v. United States,* 368 U.S. 424, 428 (1962).

### III. <u>DISCUSSION</u>

Pope separates his Petition into four distinct arguments. He argues (1) that he was denied effective assistance of counsel; (2) that the Court applied the wrong sentencing guidelines; (3) that his sentence was unreasonable and unsupported by 18 U.S.C. § 3553(a); and (4) the Court improperly enhanced the sentence based on a miscalculation of criminal history points.

#### A. **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must make two showings. First, the petitioner must establish that his attorney's representation was objectively unreasonable as measured by prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed [to] the defendant by the Sixth Amendment." *Id.* Second, the petitioner must show that the deficient representation prejudiced his defense such that he was denied a fair trial. *Id.* at 687.

When determining whether counsel's representation was reasonable, the reviewing court is highly deferential to the

district judge to eliminate the "distorting effects of hindsight." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Moreover, the Seventh Circuit has held that in order for a habeas petitioner to meet his burden of proving ineffective assistance of counsel he must cite "specific acts or omissions of his counsel" before the court even considers whether the counsel's representation was objectively unreasonable. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). In addition to this, even if a petitioner shows that his attorney's representation was objectively unreasonable, he must also demonstrate prejudice. *See Strickland* 466 U.S. at 687. If a reviewing court finds that a petitioner was not sufficiently prejudiced, the adequacy of the representation is irrelevant, and the court need not address the adequacy of his lawyer's representation. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010).

To establish prejudice when a petitioner pleads guilty to the underlying offense, the petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Cieslowski,* 410 F.3d 353, 360 (7th Cir. 2005). This showing requires a petitioner to present objective evidence, such as specific misinformation provided by his attorney and/or the history of his plea negotiations that demonstrate he would not have

pled guilty but for the attorney's poor advice or wrong information. *See Hutchings*, 618 F.3d at 697.

As a preliminary matter, the Court finds many of Pope's arguments regarding the alleged prejudice he suffered difficult to ascertain. Because of this, the Court refuses to address those arguments which it finds incomprehensible. *See Smith v. Town of Eaton, Ind.*, 910 F.2d 1469, 1470-71 (7th Cir. 1990) (stating "this court cannot be called upon to supply legal research and organization to flesh out a party's arguments").

Next, the Court finds Pope's arguments which are comprehensible conclusory and unsupported. As an example, Pope argues that his attorney was "deficient in providing advice" and that the "advice provided was based on a gross misunderstanding of the law and facts of his case and the likely outcome of the charge." Memo. Of Law in Supp. of Pet.'s Mot. to Vacate, Set Aside, or Correct Sentence at 8. However, Pope fails to cite any specific instances where his allegations could be evaluated by the Court. Furthermore, Pope argues his attorney "failed to properly investigate the case, or was laboring under the lack of experience and ignorance of federal law and practice that caused him to provide false and unreliable information." *Id.* at 8-9. Here again, Pope fails to provide any concrete examples of what his attorney failed to investigate or any false information he received. Thus, without any examples of specific misinformation

upon which Pope relied, the Court cannot find that but for his counsel's inadequate representation he would not have pled guilty. *See Hutchings*, 618 F.3d at 697 (rejecting a petitioner's ineffective assistance of counsel claim because the petitioner merely alleged that he would have insisted on going to trial without providing the court any objective evidence.)

In addition to his conclusory allegations, Pope's ineffective assistance of counsel claim is defeated by his own statements throughout the course of the criminal proceedings. Pope contends that "[c]ounsel did not make a recommendation or offer advice as to whether it was in Petitioner's best interest to plead guilty and/or forgo trial." Memo. of Law in Supp. of Pet.'s Mot. to Vacate, Set Aside, or Correct Sentence at 9-10. These contentions, however, are directly contradicted by Pope's own affirmative statements to the Court. At his plea hearing, Pope stated that he understood the charge against him and understood the possible consequences of pleading guilty to that charge. Tr. of Proceedings Change of Plea Hr'g, at 2. The Court explained that by pleading guilty, Pope could face up to ten years in prison. In response to this, Pope affirmatively responded he understood. *Id.* at 5. As added support, at the plea hearing, Pope stated that he discussed the decision to plead guilty with his counsel and that it was based on those discussions that he changed his plea. *Id.* at 20. Thus, Pope's bare assertions that he did not receive advice regarding the

plea and possible sentence do not overcome the "presumption of verity" carried by his statements in open court. *See United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987) (finding the record created by questions at a plea hearing is entitled to a presumption of truthfulness and reliability).

Accordingly, because Pope failed to establish prejudice, his claim of ineffective assistance of counsel is denied.

### B.  U.S.S.G. § 2G.1.1 vs. U.S.S.G. § 2G1.3

Next, Pope argues that the Court applied the inappropriate section of the sentencing guidelines when calculating his sentence. He argues that the Court should have applied U.S.S.G. § 2G1.1 rather than U.S.S.G. § 2G1.3.  The Court disagrees.

Under § 2G1.3(b)(2)(B), the base offense level [of a convicted offense under 18 U.S.C. § 2421] is increased by 2 offense levels if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." *United States v. Zahursky*, 580 F.3d 515, 524 (7th Cir. 2009).  If however, the victim of the offense was not a minor, U.S.S.G. § 2G1.1 applies.

Pope argues that this Court inappropriately applied § 2G1.3 because "[i]f the offense had taken place approximately forty days later" § 2G1.1 would have been appropriate.  Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 5.  Applying § 2G1.1 would have had the effect of reducing

Pope's guideline range to 37-to-46 months instead of 130-to-162 months. *See* U.S.S.G. § 2G1.1.

Here, there is no dispute that Pope's offense involved the transportation of a minor to engage in a commercial sex act. In his plea agreement and in his memorandum in support of this Petition, Pope admitted that the victim was a minor. The Court acknowledges that it is true that if this offense had taken place 40 days later then U.S.S.G. § 2G1.1 would have been appropriate. However, the fact is the offense occurred when the victim was a minor. Thus, as a matter of law, U.S.S.G. § 2G1.3 was the appropriate guideline.

### C. The Court's Sentence was Reasonable

Pope also argues that his sentence was unreasonable. The statutory maximum for a violation of 18 U.S.C. § 2421 is 120 months. *See* 18 U.S.C. § 2421. The advisory guideline range for Pope's offense, after calculating the applicable adjustments, provided for a range of imprisonment of 130-162 months. After hearing arguments and applying an adjustment based on the 18 U.S.C. § 3553(a) factors, this Court sentenced Pope to 100 months – 30 months below the guidelines range and 20 months below the statutory maximum.

"When calculating a sentence, a district court first calculates the proper range under the sentencing guidelines. It then considers that guideline range in addition to any of the other

relevant sentencing factors under 18 U.S.C. § 3553(a) . . ." *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Below-guidelines sentences are presumed to be reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2461 (2007).

Pope attacks the reasonableness of the sentence on two grounds. He argues that the Court committed a procedural error because the Court failed to state what it considered to be the appropriate guideline range and failed to articulate whether it adopted all of the factual findings in the Pre Sentence Report (the "PSR").

Pope's arguments here lack merit. At sentencing, the Court discussed at length the applicable section of the guidelines. The sentencing transcript clearly reveals that all parties agreed that U.S.S.G. § 2G1.3 was the applicable guideline. It is also clear from the sentencing transcript that the Court considered the PSR. The Court discussed it at length with Pope, both attorneys, and the probation officer. Specifically, the Court asked Pope's attorney, "have you read the pre-sentence report?" Tr. of Proceedings-Sentencing at 2. After Pope's counsel responded affirmatively, the Court asked Pope, "Mr. Pope, have you read this?" *Id.* After Pope indicated he had, the Court asked if either Pope or his attorney had any corrections they wished to make to the PSR, at which time Pope indicated that the PSR was factually accurate. *Id.* at 3.

"When the court relies on information contained in the PSR at sentencing, it is the defendant's burden to show that the PSR is inaccurate or unreliable." *United States v. O'Doherty*, 643 F.3d 209, 219 (7th Cir. 2011). In this case, at the outset of sentencing, the Court addressed the PSR and gave Pope the opportunity to challenge any of its factual findings. Pope now seems to argue that because the Court did not explicitly state that it was relying on the PSR when it determined his sentence that this somehow consists of a procedural error which entitles him to relief.

This argument, however, lacks merit. "Procedural errors, include, among other things, failing to calculate or incorrectly calculating the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, or failing to explain adequately the chosen sentence, including an explanation for any deviation from the guidelines range." *United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011). Here, the transcript from sentencing is sufficiently clear. The Court relied on the PSR, the § 3553(a) factors, and the fact that the victim was close to the age of majority at the time of the offense when it departed downward from the guideline range. Thus, there is no procedural error. *See United States v. McKinney*, 98 F.3d 974, 979 (7th Cir. 1996) (rejecting a petitioner's argument that sentencing court failed to make explicit findings when the court made reference to

"When the court relies on information contained in the PSR at sentencing, it is the defendant's burden to show that the PSR is inaccurate or unreliable." *United States v. O'Doherty*, 643 F.3d 209, 219 (7th Cir. 2011). In this case, at the outset of sentencing, the Court addressed the PSR and gave Pope the opportunity to challenge any of its factual findings. Pope now seems to argue that because the Court did not explicitly state that it was relying on the PSR when it determined his sentence that this somehow consists of a procedural error which entitles him to relief.

This argument, however, lacks merit. "Procedural errors, include, among other things, failing to calculate or incorrectly calculating the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, or failing to explain adequately the chosen sentence, including an explanation for any deviation from the guidelines range." *United States v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011). Here, the transcript from sentencing is sufficiently clear. The Court relied on the PSR, the § 3553(a) factors, and the fact that the victim was close to the age of majority at the time of the offense when it departed downward from the guideline range. Thus, there is no procedural error. *See United States v. McKinney*, 98 F.3d 974, 979 (7th Cir. 1996) (rejecting a petitioner's argument that sentencing court failed to make explicit findings when the court made reference to

a sentencing report and based the petitioner's sentence on the report and evidence adduced at trial.)

Pope's next argument is curious in that he seems to contend that the Court departed upward from the advisory guidelines' range and sentenced him to a term greater than the range provided. It seems, as the Government suggests, that Pope premises this argument on the idea that the Court applied U.S.S.G. § 2G1.1, and not § 2G1.3.

As previously discussed, in sentencing Pope, the Court applied § 2G1.3. Pursuant to § 2G1.3, the Court imposed a sentence of 100 months. This sentence fell below both the applicable guidelines range and the statutory maximum for the conviction. Thus, the Court did not depart upward as Pope suggests.

Finally, and also contrary to Pope's contentions, the Court explicitly analyzed the § 3553(a) factors. The Court considered the fact that the victim would have been 18 if the offense occurred 40 days later and, as a result, applied a downward adjustment to Pope's sentence under § 3553(a). *Id.* Therefore, the Court finds that Pope's sentence reasonable.

    **D. Whether the Court Improperly Enhanced the Sentence**

The substance of Pope's final argument is difficult to discern. He appears to argue that the Court improperly enhanced his sentence by adding inappropriate criminal history points to his sentencing guidelines' calculation. The Court disagrees.

The courts determine the criminal history of convicted defendants using U.S.S.G. § 4A1.1. "Prior sentences of imprisonment exceeding one year and one month generate three points, U.S.S.G. § 4A1.1(a), and shorter sentences of imprisonment of at least sixty days generate two points, U.S.S.G. § 4A1.1(b). "The guidelines define a "prior sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed." *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002) citing U.S.S.G. § 4A1.1(b)(1).

Pursuant to § 4A1.1, Pope received criminal history points for two prior felonies, three prior misdemeanors, and one juvenile conviction. All of these convictions were noted and assigned the proper point totals in the PSR, which both Pope and his attorney agreed was accurate.

Pope fails to articulate which of his prior convictions were improperly assigned points and fails to assert exactly why such convictions were inappropriately considered by the Court. Instead, Pope quotes Section 4A1.1 which states "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (b) the prior offense was similar to the instant offense." Pet'r's Memo. In Supp. of Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 at 20; see also U.S.S.G. § 4A1.2(c)(1).

At sentencing, the Government was quick to point out that even though Pope was only 23 years of age, he already had 19 prior convictions.  The calculation of these convictions into criminal history points was laid out in the PSR, which again, Pope stated in open court was accurate.  Of those convictions, the Court gave Pope six criminal history points for his two obstruction of justice felonies pursuant to U.S.S.G. § 4A1.2(c)(1)(A); see also 720 Ill. Comp. Stat. 5/31-4(d)(1).  Six additional points for his three misdemeanor convictions - driving on a suspended license twice, an enumerated offense under U.S.S.G. § 4A1.2(c)(1) and driving under the influence once.  And finally, two points for a theft conviction which occurred before Pope was 18.  For each of these prior convictions, Pope received a sentence of imprisonment for more than 30 days.  Accordingly, the Court finds Pope's criminal history was calculated accurately.

## IV. **CONCLUSION**

For the reasons stated herein, Pope's Petition to Vacate, Set Aside, or Correct Sentence is denied without evidentiary hearing. **IT IS SO ORDERED.**

 *[signature]*

 Harry D. Leinenweber, Judge
 United States District Court

**DATE:** 11/1/2012